IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH STANLEY TROTTER, IV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:25-cv-01933-G-BT |
| STEVE STREICH, GREXCO | § | |
| TECHNOLOGY GROUP LLC, ALEX | § | |
| VANTARAKIS, and BO EX | § | |
| PROPERTIES LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this *pro se* civil action

was referred to the United States magistrate judge for case management, including

the entry of findings and a recommended disposition where appropriate. Upon

review of the relevant pleadings and applicable law, the District Judge should

dismiss Plaintiff's federal claims under 28 U.S.C. § 1915(e)(2)(B) and decline to

exercise supplemental jurisdiction over any remaining state claims.

## I.  BACKGROUND

Plaintiff Joseph Stanley Trotter IV, proceeding *in forma pauperis*, brings

this civil action asserting federal civil rights and related claims arising out of a

dispute involving wage withholding for child support, the termination of his

employment, and an eviction or removal from his business suite. *See* ECF No. 12 at 1-4.[1]

Construed liberally, Trotter alleges that Defendants—who include a private employer and its CEO, as well as a private property owner/manager and related business entities—engaged in a coordinated course of retaliation and unlawful conduct directed at Trotter. *Id.* Defendants allegedly acted in response to Trotter's protected reporting or whistleblower activity relating to the legality of wage withholding for child support.

Trotter has repeatedly pursued federal litigation challenging the withholding or garnishing of his wages for child support arrears, including due process claims under 42 U.S.C. § 1983. *See Trotter v. Off. of Atty. Gen. of Texas,* No. 3:25-CV-335-X-BN, 2025 WL 624488, at *2 (N.D. Tex. Feb. 20, 2025), *rec. adopted,* No. 3:25-CV-0335-X-BN, 2025 WL 624021 (N.D. Tex. Feb. 26, 2025; *Trotter v. Tex. Off. of Att'y Gen.,* No. 3:23-CV-2484-S-BN, 2024 WL 3798219, at *5 (N.D. Tex. July 17, 2024), *rec. accepted,* 2024 WL 3803010 (N.D. Tex. Aug. 12, 2024).

Here, Trotter alleges that he disclosed information and documentation of the child-support withholding issue to his employer and that, after doing so, his employer terminated him and opposed his unemployment benefits application through allegedly false accusations. *See* ECF No. 12 at 2. Trotter also alleges that

---

[1] Trotter's operative pleading is styled as his Second Amended Complaint.

Defendants shared information about Trotter's circumstances and engaged in retaliatory conduct that included an eviction from his rented business suite. *Id.* The gravamen of Trotter's theory is his belief that wage withholding for child support arrears was unlawful due to an alleged lack of proper service or jurisdiction in the child-support proceedings. *Id.*

Based on these allegations, Trotter asserts claims under 42 U.S.C. § 1983 for retaliation and due process violations, under 42 U.S.C. § 1985(2)-(3) for civil conspiracy, under the "Whistleblower Protection Act," and under various state-law theories including abuse of process, wrongful eviction, and breach of duty. He seeks damages and other relief. ECF No. 12 at 1-4.

## II. LEGAL STANDARD AND ANALYSIS

Because Trotter proceeds *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under this provision, the Court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Although *pro se* pleadings are liberally construed, a plaintiff must still allege sufficient facts to state a plausible claim for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But conclusory allegations, unwarranted deductions of fact, and legal conclusions masquerading as facts are insufficient. *Iqbal*, 556 U.S. at 678.

### A. Trotter Fails to State any Viable Federal Claim.

Liberally construed, Trotter's Second Amended Complaint asserts federal claims under 42 U.S.C. § 1983 for retaliation and deprivation of property without due process, and 42 U.S.C. § 1985(2)-(3) for civil conspiracy, along with other theories labeled as "Whistleblower Protection Act" violations. *See* ECF No. 12 at 1-4. Trotter's allegations stem from his contention that garnishing his pay for child support was unlawful, and that when Trotter made Defendants aware of this, Defendants retaliated against him through termination of his employment and eviction. *See id.* at 2-3.

The complaint relies mostly on conclusory assertions such as "retaliation," "procedural manipulation," and "conspiracy"—rather than factual allegations that,

if accepted as true, plausibly establish liability under the federal statutes invoked. *See Iqbal,* 556 U.S. at 678; *see also Twombly,* 550 U.S. at 555-57. Even affording Trotter's allegations the liberal construction due to a *pro se* litigant, the operative complaint fails to plead sufficient facts to state a plausible federal claim for relief.

### 1. Section 1983 Claims

To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See, e.g., Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). Stated another way, § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States[.]" *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Trotter sues only private individuals and private entities, including a private employer and a private property owner/manager. *See* ECF No. 12. Trotter does not plead facts showing that any Defendant is a governmental entity, a state official, or an individual exercising powers traditionally belonging to the State. Nor does Trotter allege nonconclusory facts that would allow the Court to treat these private parties as state actors under any recognized theory of state action, such as a public-function theory, joint-action theory, or governmental entwinement. *See Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974); *see also Yeager v. City of McGregor,* 980 F.2d 337, 343 (5th Cir. 1993). Instead, Trotter alleges that

Defendants shared information about his circumstances and engaged in private business decisions affecting his employment and tenancy. Business relationships and information sharing among private parties do not convert private conduct into state action for § 1983 purposes.

Trotter further complains that his child support wage withholding was unlawful due to a lack of service or jurisdiction in those proceedings and that he sought court validation of the alleged debt. *See* ECF No. 12 at 2. Even assuming Trotter disputes the wage withholding, he still must plead facts showing that these Defendants committed a constitutional violation actionable under § 1983. Trotter does not allege that these private Defendants issued a garnishment order, executed legal process, or had authority over the child support withholding. Instead, he alleges only that Defendants learned about the garnishment and used the information as part of their employment and eviction decisions. *See* ECF No. 12 at 2-3. Those allegations do not plausibly support a due process claim against these private parties.

Thus, Trotter fails to state a claim under § 1983 because he does not allege facts showing Defendants acted under color of state law.

*2. Section 1985 Claims*

To the extent Trotter attempts to invoke a "conspiracy" under § 1985(2)-(3) to supply state action, he fails to state a plausible claim.

To state a claim under § 1985, a plaintiff must plead facts showing the existence of a conspiracy—*i.e.*, an agreement between two or more persons to

accomplish an unlawful objective—along with an overt act in furtherance of the conspiracy and an injury resulting from that act. *See* 42 U.S.C. § 1985 (2)-(3). Mere allegations of conspiracy are not enough. *See Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1982) (affirming dismissal where conspiracy allegations were conclusory and there was no evidence that a prior agreement was made). Thus, a plaintiff must plead specific facts showing a "meeting of the minds," not labels or speculation. *See Twombly,* 550 U.S. at 557 (a plaintiff must plead enough facts to raise a right to relief above speculation).

Trotter's § 1985 allegations do not meet these standards and fail for multiple independent reasons. First, Trotter does not plead facts plausibly showing an agreement among Defendants to violate his federal rights. Trotter alleges that Defendants had overlapping business relationships, and that one Defendant had access to information about Trotter's employment and litigation history, which Trotter contends was used as part of a retaliatory "scheme." ECF No. 12 at 2. However, Trotter does not plead nonconclusory facts showing that Defendants had an agreement to violate Trotter's civil rights, when such an agreement was formed, what its unlawful goal was, or what specific overt acts were taken under that agreement. Instead, Trotter relies on speculation and labels. Such allegations do not satisfy federal pleading standards. *See Twombly,* 550 U.S. at 557; *Iqbal,* 556 U.S. at 678.

Second, Trotter fails to allege the elements necessary to state a claim under § 1985(3). To state a claim under § 1985(3), a plaintiff must allege that the

conspiracy was motivated by "racial, or otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). Trotter does not plausibly allege that Defendants acted based on Trotter's membership in any protected class. Instead, Trotter's allegations concern a personal dispute arising from wage withholding, termination of employment, and alleged eviction-related conduct. Because Trotter does not plead the requisite class-based discriminatory animus, he fails to state a claim under § 1985(3).

Lastly, although some portions of § 1985(2) do not require allegations of class-based animus, a plaintiff must still plead facts showing a conspiracy to deter or retaliate against a party or witness by force, intimidation, or threat in connection with federal court proceedings. *Kush v. Rutledge,* 460 U.S. 719, 727 (1983); *see also Mitchell v. Johnson*, No. 07-40996, 2008 WL 3244283, at *1 (5th Cir. Aug. 8, 2008). Trotter's allegations do not plausibly show that Defendants conspired to deter him from testifying, punish him for testifying, or interfere with his access to federal court proceedings in the manner covered by § 1985(2). *See, e.g.*, *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 150 (5th Cir. 2010). So Trotter fails to state a claim under § 1985(2).

### 3. *Whistleblower Protection Act*

Trotter also proports to assert a "Whistleblower Protection Act" claim. ECF No. 12 at 3. But the federal Whistleblower Protection Act generally protects certain federal employees and applicants from retaliation for protected disclosures by

federal agencies. *See* 5 U.S.C. §§ 2302, 1221. The Act's protections extend only to federal employees, not private-sector employees. *See Hastings v. F.A.A.*, 187 F.3d 938, 940 (8th Cir. 1999) (citing *U.S. v. Fausto*, 484 U.S. 439 (1988)). Trotter does not allege that he was employed by the federal government, does not identify a protected disclosure under the statute, and does not allege any retaliatory personnel action by a federal agency.

Even construing the complaint to assert a claim under the Texas Whistleblower Act, Trotter does not allege he was a public employee or that he made a good-faith report of a violation of law to an appropriate law-enforcement authority. *See* Tex. Gov't Code § 554.002. Because Trotter's allegations involve a dispute with private parties arising from wage withholding, termination of private employment, and an alleged eviction—rather than a federal or government personnel action—he has not pleaded facts supporting relief. Under these circumstances, dismissal of Trotter's federal claims with prejudice is appropriate under § 1915(e)(2)(B)(ii).

**B. The District Judge Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State-Law Claims.**

Trotter also appears to assert state-law claims, including theories such as abuse of process and wrongful eviction. *See* ECF No. 12 at 3-4. Under 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as claims within the court's original jurisdiction. But § 1367(c) expressly provides that a district court may

decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The decision whether to retain supplemental jurisdiction after dismissing federal claims is committed to the court's sound discretion, guided by consideration of the values of judicial economy, convenience, fairness, and comity. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). The Fifth Circuit has repeatedly recognized that once federal claims are dismissed, the general rule, particularly at an early stage of litigation, is to dismiss or remand any remaining state-law claims. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citations omitted) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (recognizing that supplemental jurisdiction "is a doctrine of flexibility" and that dismissal of all federal claims generally "weigh in favor" of remand).

Here, several factors support declining supplemental jurisdiction. First, Trotter's federal claims are dismissed at the initial screening stage under § 1915(e)(2)(B)(ii), before any answer, discovery, or substantive litigation on the merits. This case is in its earliest procedural posture, and no party has invested resources in litigating the state-law issues in federal court. Further, the remaining causes of action concern purely matters of Texas law on private employment disputes and landlord-tenant or eviction-related conduct—issues squarely within

the expertise and province of Texas courts—and principles of comity advise against federal intrusion into areas traditionally reserved to state tribunals. *See, e.g.*, *Whiting v. U. of S. Mississippi,* 451 F.3d 339, 351 (5th Cir. 2006), *abrogated on other grounds by Sims v. City of Madisonville,* 894 F.3d 632 (5th Cir. 2018).

Retaining jurisdiction would require this Court to develop and apply Texas law on matters with no remaining federal nexus, effectively converting a federal forum into a state court. Such an exercise would undermine respect for state sovereignty and judicial economy by requiring this Court to resolve fact-intensive questions of state law better addressed by Texas courts intimately familiar with Texas employment and property law.

In sum, dismissal without prejudice to allow Trotter to refile in state court imposes no unfair burden. He retains the ability to pursue his state-law theories in the proper forum, and Defendants will not be prejudiced by litigating state-law claims in Texas state court, where such claims belong. Because all federal claims are dismissed and the case remains in its earliest stages, the balance of factors overwhelmingly favors declining supplemental jurisdiction. The District Judge therefore should decline to exercise supplemental jurisdiction over Trotter's state-law claims and dismiss those claims without prejudice.

### C. Leave to Amend Would be Futile.

Despite failing to plead sufficient facts, a *pro se* plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is unnecessary, however,

when the plaintiff has already pleaded his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

Trotter has been afforded multiple opportunities to clarify his claims through supplemental filings and correspondence with the Court. Despite these opportunities, Trotter has not alleged facts that would state a plausible constitutional claim against Defendants. Further leave to amend is not warranted.

## III.   RECOMMENDATION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Judge should **DISMISS WITH PREJUDICE** Trotter's federal claims for failure to state a claim upon which relief may be granted. The District Judge further should decline to exercise supplemental jurisdiction over Trotter's state-law claims and **DISMISS** those claims **WITHOUT PREJUDICE**.

SO RECOMMENDED on January 26, 2026.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

13